UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES LUDWIG,<br><br>                             Petitioner,<br><br>v.<br><br>JAMES H. HILL, Warden,<br><br>                            Respondent. | Case No.: 25cv1151 AJB (KSC)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

      Kenneth James Ludwig ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) For the reasons discussed below, the Petition is dismissed without prejudice.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

      In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner fails to allege he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner indicates that the instant Petition concerns his San Diego Superior Court conviction in case number SCD28773 and resultant 22-year sentence for "1 count of continuous sexual abuse of a child 8 counts of lewd and lascivious on a child." (*See* ECF No. 1 at 1.) Meanwhile, the sole claim presented in the Petition only generally states: "California Penal Code § 1172.2 fails to provide a sufficient remedy for these federal concerns and imposes procedural and substantive limitations that undermine constitutional guarantees." (*Id.* at 5.) Additionally, in response to the portion of the habeas form requesting any supporting facts, Petitioner does not provide any details or facts and instead refers to pages 1 through 5 of a "Habeas Corpus, attached" (*see id.*), but he does not appear to have included any attachment for filing with the instant Petition.[1] (*See docket*.) Petitioner does not specify what "federal concerns" form the basis of his Petition or how it relates to his judgment of conviction.

---

[1] The Court notes that Petitioner has filed a separate habeas petition under 28 U.S.C. § 2241, which upon cursory review appears to briefly reference Cal. Penal Code § 1172.2.

Upon review, Petitioner's claim is not cognizable on habeas because it is unclear how it challenges the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a).

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

Petitioner does not allege that he raised the claim he wishes to present here in the California Supreme Court. (*See generally* ECF No. 1.) Petitioner indicates he raised this

---

(*See* ECF No. 1 at 2 in S.D. Cal. Case No. 25-cv-1144-RBM-DDL.) To the extent Petitioner perhaps intended his filing in a separate habeas action to also provide support for the instant Petition, any such supporting document must be filed with the Petition in this case and not in a separate case. *See* R. 2, Rules Governing Section 2254 Cases (2019) (directing in relevant part that: "The petition must: (1) specify all grounds for relief available to the petitioner, (2) state the facts supporting each ground; [and] (3) state the relief requested. . .")

issue in the San Diego Superior Court and the "Court of Appeals" and states that he "ha[s] exhausted all administrative remedies" (*see id.* at 6-7), but he does not specifically indicate that he raised the claim he wishes to present here in the California Supreme Court. If Petitioner has raised his claim(s) in the California Supreme Court, he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." R. 4, Rules

Governing Section 2254 Cases (2019). Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

Accordingly, the Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failure to state a cognizable federal claim and failure to allege exhaustion of state judicial remedies. If Petitioner wishes to re-open and proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **July 7, 2025**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: May 8, 2025

Hon. Anthony J. Battaglia
United States District Judge